UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LULLA P. JACKSON,<br><br>   Plaintiff,<br><br> v.<br><br>PHH CORPORATION, U.S. BANK NAT'L ASS'N,<br><br>   Defendant. | Case No. 3:24-cv-2389-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Temporary Restraining Order (Doc. 6), and Motion for Leave to Proceed in forma pauperis. (Doc. 5). The Plaintiff filed their lawsuit on October 29, 2024, and both aforementioned motions on November 12, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court hereby **DENIES** the Motion for a Temporary Restraining Order, (Doc. 6), and **GRANTS** the Motion for Leave to Proceed in forma pauperis. (Doc. 5).

According to the Plaintiff's account, in August of 2006, Plaintiff became the owner of real property located within St. Clair County at 15 Chalet Court, Fairview Heights, IL 62208. The Plaintiff has used legal jargon that obscures precisely what occurred, but it appears that the Plaintiff received a mortgage from the Defendant for the purchase of the property. Now, for reasons that Plaintiff does not explain, the house is set to be sold on November 20, 2024. The Plaintiff believes that the Defendant has no interest in the property because the instrument used to secure the apparent mortgage was invalid. The Plaintiff has filed this action to quiet title to the property.

A federal court's jurisdiction is limited to diversity actions and claims involving a federal

question. Here, the Plaintiff invokes both. While the Plaintiff has no standing under the statutes he cites—The Federal Reserve Act and the Emergency Banking Relief Act—it appears that there is diversity of citizenship and that the claim exceeds $75,000. Therefore, at this point, the Court finds that it has diversity jurisdiction here.

    The Plaintiff seeks to quiet title to the property.

> Quiet title is an equitable claim by which a party seeks to remove a cloud on its title to property. *Ill. Dist. of Am. Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063 (Ill. App. Ct. 2002). A "cloud" is a semblance of title that is unfounded. *Id.* A valid interest in property cannot cloud title. *Id.* Thus, a claim for quiet title requires the [plaintiff] establish title superior to that of [the] defendants. *Dudley v. Neteler*, 392 Ill. App. 3d 140, 140 (Ill. App. Ct. 2009).

*Martin v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 159096, *11 (N.D. Ill., Oct. 30, 2012). Notably, the burden is on the *plaintiff* to establish superior title; not the defendant. The Plaintiff has not presented any evidence of their superior title. The Court finds it unlikely that the defendant would list the property for sale if they had no valid interest in the property. Given this case appears to involve a mortgage and the Plaintiff disputing the validity of the mortgage—the Plaintiff bears the burden of production.

    For a court to grant a temporary restraining order or preliminary injunction, the movant must show that: they are likely to prevail on the merits, there is no adequate legal remedy, irreparable harm would ensue without it, the harm of not granting the motion outweighs the harm to the defendants, and granting the motion is in the public interest. The Plaintiff has failed to satisfy these conditions. Not only does the Plaintiff ask to delay the sale by only ten days, the Plaintiff has failed to show they are likely to prevail. As the Plaintiff bears the burden here and the Plaintiff has failed to mee that burden, the Court sees no reason to grant a TRO or preliminary injunction.

    Concerning the motion to proceed in forma pauperis, after reviewing the Plaintiff's sworn

statement, the Court finds that the case is not obviously frivolous and that the Plaintiff is indigent. For those reasons, the Court will allow the Plaintiff to proceed in forma pauperis.

## CONCLUSION

Finding that the Plaintiff has failed to meet their burden demonstrating the need for a temporary restraining order or preliminary injunction, the Court **DENIES** that motion. (Doc. 6). Finding that the Plaintiff is indigent and that their claim is not obviously frivolous, the Court hereby **GRANTS** the motion to proceed in forma pauperis. (Doc. 5).

**IT IS SO ORDERED.**
**DATED:  November 15, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**